IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 06-61932-CIV-MOORE/GARBER

CRAIG SIGNER,

    Plaintiff,

vs.

DHL WORLDWIDE EXPRESS, INC.,

    Defendant.

_____/

**CLOSED CIVIL CASE**

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR REMAND

THIS CAUSE came before the Court upon Plaintiff's Motion to Remand (DE # 4).

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

### I. BACKGROUND

Plaintiff Craig Signer ("Plaintiff") is a clothing designer engaged in the design, manufacture, and distribution of high-end "designer" clothes throughout the United States. Compl. ¶ 5. Plaintiff's agent contracted with Defendant DHL Express (USA), Inc. ("Defendant" or "DHL"), erroneously sued herein under its prior name DHL Worldwide Express, Inc., to ship a trunk of designer clothing from New York, New York to Cincinnati, Ohio. Compl. ¶ 7. The trunk contained one-of-a-kind designer clothing valued at $101,535.00. Compl. ¶ 7. On or about September 13, 2005, Defendant took possession of the trunk, but failed to deliver the trunk to the agreed upon place of delivery. Compl. ¶ 8. On or about October 17, 2005, Plaintiff submitted a Lost/Damage Claim form to Defendant. Compl. ¶ 9. Later, on or about February 8, 2006, a one-of-a-kind dress from the trunk that Plaintiff

had shipped through DHL was offered for sale by a vendor on EBAY. Compl. ¶ 11. That vendor is a liquidator for DHL lost items. Compl. ¶ 11. The dress was advertised as a "Craig Signer Cocktail Onyx Dress" and appraised on EBAY for $7,859.00.

Plaintiff brought this action alleging causes of action of conversion, civil theft, violation of the Florida Deceptive and Unfair Trade Practices Act, and fraud. Compl.; Pl. Mot. at 4. Plaintiff emphasizes that he does not believe the items were lost, and, in the complaint, alleges only that the items were stolen and/or converted. Pl. Mot. at 5. The Complaint was originally filed in the Circuit Court of the 17th Judicial Circuit in Broward County, Florida. On December 28, 2006, Defendant filed a Notice of Removal to this Court. Defendant claims that this Court has subject matter jurisdiction based on federal question jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims are governed by principles of federal common law. Notice of Removal ¶ 2. Plaintiff filed the instant Motion to Remand arguing that this Court does not have jurisdiction based on the well pleaded complaint rule. Plaintiff argues (1) that all counts of the Complaint allege exclusively state-law-based claims, so there is no federal question on the face of the complaint, (2) the state-law-based claims do not raise substantial questions of federal law, so this exception to the well-pleaded complaint rule does not apply, and (3) the Airline Deregulation Act of 1978 (hereinafter "ADA") does not "completely" preempt the state-law-based claims, so the "complete preemption" exception to the well-pleaded complaint rule does not apply.

## II. DISCUSSION

A.   **Subject Matter Jurisdiction**

A defendant may remove a case to federal court only if the district court would have

had jurisdiction over the case had the case been brought there originally. 28 U.S.C. § 1441. A federal district court has original jurisdiction over diversity cases and cases arising under federal law. 28 U.S.C. §§ 1331, 1332. It appears that no diversity exists between the parties, and the parties do not argue otherwise. Therefore, the sole issue is whether the plaintiffs' case arises under federal law based on 28 U.S.C. §§ 1331.

A case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint. Kemp v. International Business Machines Corp., 109 F.3d 708, 712 (11th Cir. 1997) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 11 (1983)). This is known as the "well-pleaded complaint" rule, because "it directs our focus to the terms of the complaint *as the plaintiff chooses to frame it.*" Id. (emphasis added). "If the plaintiff elects to bring only state law causes of action in state court, no federal question will appear in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court." Id. (citing 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3566 (1984)).

"Because a federal question must appear on the face of the plaintiff's complaint to satisfy the well-pleaded complaint rule, a defense which presents a federal question can not create removal jurisdiction." Kemp, 109 F.3d at 712. "Thus, a case may not be removed to federal court on the ground of a federal question defense alone, even if that defense is valid." Id. (citing Franchise Tax Board, 463 U.S. at 25–28. Plaintiff in this case brought only state law claims of conversion, civil theft, violation of the Florida Deceptive and Unfair Trade Practices Act, and fraud. Compl.; Pl. Mot. at 4. Defendant removed this case to federal court on the ground that any claims Plaintiff has against Defendant are governed by principles of

3

federal common law. Notice of Removal ¶ 2. Plaintiff argues that Defendant's grounds for removal is really a federal question defense, namely ordinary preemption, which is not a valid ground for removal. The argument that individual state law claims are not valid because they are preempted by federal claims is really a defense to the individual state law claims. Thus, under the general terms of the well-pleaded complaint rule, the removal of this case to federal court was improper, because a federal question is not presented on the face of the complaint.

However, there are a couple of exceptions to the well-pleaded complaint rule. One exception gives federal jurisdiction when "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims[.]" Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 13 (1983). Defendant does not argue that this is the basis for jurisdiction, and it appears that no substantial question of federal law is a necessary element of any of the state law claims. Another exception gives federal jurisdiction based on a doctrine known as "complete preemption." Kemp, 109 F.3d at 712. Even if a complaint is framed entirely in terms of state law claims, the action can be removed to federal court if one of these exceptions to the well-pleaded complaint rule apply.

B.      **Complete Preemption**

Under the "complete preemption" doctrine, "Congress may preempt an area of law so completely that any complaint raising claims in that area is necessarily federal in character and therefore necessarily presents a basis for federal court jurisdiction." Kemp, 109 F.3d at 712 (citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63–64 (1987)). "Such 'complete preemption' will convert state law claims into federal claims for the purposes of the well-pleaded complaint rule, allowing a defendant to remove the case to federal court. Id.

4

The Eleventh Circuit has clarified that "federal preemptive power may be complete, providing a basis for jurisdiction in the federal courts, or it may be what has been called 'ordinary preemption,' providing a substantive defense to a state law action on the basis of federal law. Geddes v. American Airlines, Inc., 321 F.3d 1349, 1352–53 (11th Cir. 2003). "More specifically, ordinary preemption may be invoked in both state and federal court as an affirmative defense to the allegations in a plaintiff's complaint." Id. "Such a defense asserts that the state claims have been *substantively displaced* by federal law." Id. (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)) (emphasis added). "However, a case may not be removed to federal court on the basis of a federal defense, including that of federal preemption." Id.

"Complete preemption, on the other hand, is a doctrine distinct from ordinary preemption." Id. "Rather than constituting a defense, [complete preemption] is a narrowly drawn jurisdictional rule for assessing federal removal jurisdiction when a complaint purports to raise only state law claims." Id. Complete preemption "looks beyond the complaint to determine if the suit is, in reality, "purely a creature of federal law," even if state law would provide a cause of action in the absence of the federal law." Id. "It transforms the state claim into one arising under federal law, thus creating the federal question jurisdiction requisite to removal to federal courts." Id.

The Supreme Court and the Eleventh Circuit have found complete preemption only under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and section 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a). Id. The Supreme Court and Eleventh Circuit "ha[ve] cautioned that complete

5

preemption can be found only in statutes with 'extraordinary' preemptive force." Id. "Moreover, that 'extraordinary' preemptive force must be manifest in the clearly expressed intent of Congress." Id. "[T]he Supreme Court has indicated its reluctance to find the extraordinary preemptive power necessary for complete preemption." Id. (citing Metropolitan Life Ins. v. Taylor, 481 U.S. 58, 64–65 (1987)). Thus, "the complete preemption inquiry turns on the question of 'whether Congress not only intended for a federal statute to provide a defense to state-law claims, but also intended to confer on defendants the ability to remove a case to a federal forum.'" Id. (citing Anderson v. H & R Block, Inc., 287 F.3d 1038, 1041 (11th Cir.2002).

The majority of courts to consider the question of whether there is complete preemption under the ADA have held that the ADA does not completely preempt state law. Musson Theatrical, Inc. v. Fed. Express Corp., 89 F.3d 1244, 1253 (6th Cir.1996) ("Examining the text of the ADA and its legislative history, we see no evidence that Congress intended the federal courts to have exclusive subject matter jurisdiction over the preemption defenses to state law claims against air carriers."); Sam L. Majors Jewelers v. ABX, Inc., 117 F.3d 922 (5th Cir. 1997) (finding that Congress did not intend to completely preempt state law with the ADA); Selim v. Pan American Airways Corp., 254 F. Supp. 2d 1316, 1318 (S.D. Fla. 2003) (holding that the ADA does not completely preempt state law claims); Strategic Assets, Inc. v. Fed. Express Corp., 190 F. Supp. 2d 1065, 1071–1072 (M.D. Tenn.2001) (holding that state law claims against federally certified air carrier for breach of contract were not completely preempted and thus could be pursued in state court); Litchfield v. United Parcel Serv., 136 F. Supp. 2d 756, 761–762 (S.D. Ohio 2000) (remanding to state court plaintiff's

state law claims for failure to deliver packages to state court); Greer v. Fed. Express Corp., 66 F. Supp. 2d 870, 874 (W.D. Ky.1999) (holding that plaintiff's state common law claims for breach of contract were not completely preempted and remanding claims to state court); Merkel v. Federal Express Corp., 886 F. Supp. 561, 566 (N.D. Miss. 1995) (rejecting both federal common law and the ADA as a basis for complete preemption of the plaintiff's state law claims and remanding to state court).

This Court also finds that Congress did not intend for the ADA to completely preempt state law claims. Therefore, complete preemption under the ADA is not a valid ground for removal. Ordinary preemption might exist against some or all[1] of the state law claims brought in this action, but this is a defense to each claim that the state court must hear and evaluate. Geddes, 321 F.3d at 1353 ("a federal law may substantively displace state law under ordinary preemption but lack the extraordinary force to create federal removal jurisdiction under the doctrine of complete preemption. If no other grounds for federal jurisdiction exist in such cases, then it falls to the state courts to assess the merits of the ordinary preemption defense.").

C.    **Federal Common Law**

Defendant also argues that federal jurisdiction is conveyed by federal common law. Def. Resp. at 1–4. Defendant appears to be arguing that federal common law and/or the ADA have "completely preempted" all state law claims, so the only remaining viable claims are based on federal common law. See Def. Mot. at 1–4 ("Plaintiff's state law claims are preempted, and Plaintiff's only viable cause of action against DHL is one for breach of

---

[1] Even if all of the claims brought in this action are preempted by the ADA, there would still be no federal question jurisdiction because the ADA was not intended by Congress to "completely preempt" state law claims.

7

contract under federal common law. . . . Plaintiff's claims are governed exclusively by federal law"). However, as discussed above the ADA has not completely preempted state law claims. Also, other courts have held that federal common law has not completely preempted all state law claims against air carriers. *See e.g.*, Musson, 89 F.3d at 1249–52 (recognizing that despite a long history of regulation of the air carrier industry, state common law claims were preserved by various savings clauses); Litchfield, 136 F. Supp. 2d at 762 (holding that state law conversion claim was not preempted by federal common law, and that federal common law did not convey federal question jurisdiction); Kingsley v. Lania, 221 F. Supp. 2d 93 (D. Mass. 2002) (holding that a claim of conversion of passenger's property was not preempted and did not justify removal); Merkel, 886 F. Supp. at 566 (rejecting both federal common law and the ADA as a basis for complete preemption of the plaintiff's state law claims and remanding to state court). This Court also holds that all state-law-based claims against air carriers have not been preempted by federal common law; therefore, complete preemption does not provide for removal on these grounds.

Another problem with the argument that federal common law can convey federal question jurisdiction based on complete preemption of state law claims is that the Eleventh Circuit has indicated that the complete preemption inquiry turns on the question of Congressional intent. Geddes, 321 F.3d at 1353 (citing Anderson, 287 F.3d at 1041). As recognized in Merkel, "[w]hen the defendant asserts that federal common law preempts the plaintiff's claim, there is no congressional intent which the court may examine--and therefore congressional intent to make the action removable to federal court cannot exist." Merkel, 886 F. Supp. at 566.

8

To the extent that Defendant alternatively argues that federal common law preemption of any one of Plaintiff's claims would convey federal question jurisdiction, this Court disagrees. To say that if any claim is preempted by federal common law, then there is a federal question conveying jurisdiction, would contradict the Eleventh Circuit's instructions on the differences between complete and ordinary preemption. The Eleventh Circuit has instructed that "ordinary preemption may be invoked in both state and federal court as an affirmative defense to the allegations in a plaintiff's complaint." Geddes v. American Airlines, Inc., 321 F.3d at 1352–53. "Such a defense asserts that the state claims have been *substantively displaced* by federal law." Id. (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)) (emphasis added). "However, a case may not be removed to federal court on the basis of a federal defense, including that of federal preemption." Id. The argument that some but not all claims are preempted or "substantively displaced" by federal law is an ordinary preemption defense. Id. As the Eleventh Circuit instructs, ordinary preemption of some of the claims does not convey federal question jurisdiction on the federal courts.

Defendant has cited case law where courts have found that even though federal jurisdiction cannot be based on complete preemption, federal question jurisdiction can nonetheless be based on a claim arising under "federal common law." *See* Sam L. Majors Jewelers v. ABX, Inc., 117 F.3d 922 (5th Cir. 1997). First, the Fifth Circuit in Sam L. Majors agreed that the ADA did not completely preempt state law claims, and complete preemption did not convey jurisdiction on the federal courts. Sam L. Majors, 117 F.3d at 925–26. However, the Fifth Circuit held that, because one of the claims brought by the plaintiff, i.e. negligence in losing the shipment, "arises under federal common law," they had "jurisdiction

over this action." Id. at 929.

In Sam L. Majors, the Fifth Circuit cites two cases for the proposition that federal courts have federal question jurisdiction based on federal common law causes of action, namely Illinois v. City of Milwaukee, 406 U.S. 91, 100 (1972) and National Farmers Union Ins. Co. v. Crow Tribe, 471 U.S. 845, 850 (1972). See Sam L. Majors, 117 F.3d at 926. However, both Illinois and National Farmers involved the plaintiffs/petitioners originally framing their claims in terms of federal common law claims. Illinois, 406 U.S. at 99; National Farmers, 471 U.S. at 850–51 ("It [is] . . . necessary to assert a claim "arising under" federal law. . . . [and] [p]etitioners contend that the right which they assert . . . has its source in federal law").

Bringing a claim framed in terms of the federal common law is a very different situation from bringing a claim in terms of state law and having a defendant assert that the claim is preempted by federal common law. The first situation allows a plaintiff to avail himself of established federal law, whereas the second situation allows a defendant to defend against a state law claim by arguing it is preempted by a federal law. The second situation is the very situation that the Eleventh Circuit has indicated does not have the "extraordinary force to create federal removal jurisdiction." Geddes, 321 F.3d at 1353 ("a federal law may substantively displace state law under ordinary preemption but lack the extraordinary force to create federal removal jurisdiction under the doctrine of complete preemption."). This Court does not believe just because a federal law substantively displaces a state law claim based on

10

federal common law, rather than on a federal statute, that the result should be any different.[2]

Further, the Fifth Circuit emphasized that its holding was narrowly limited to saying only that "a cause of action against an interstate air carrier *for claim for property lost or damaged* in shipping arises under federal common law." Id. at 929 n.16 (emphasis added). Therefore, the Fifth Circuit decision cannot be used to say that there is a federal common law cause of action for conversion or fraud as have been pled in this case. The other cases Defendant cites to support removal based on "federal common law" also deal with lost or damaged goods. Read-Rite Corp. v. Burlington Air Express, Ltd., 186 F.3d 1190 (9th Cir. 1999) (without addressing the issue of federal question jurisdiction, the court applied federal common law to claim regarding damaged shipment); King Jewelry v. Federal Express Corp., 316 F.3d 961 (9th Cir. 2003) (without addressing the issue of federal question jurisdiction, the court found that the ADA preempted state law claim and applied federal common law to claim regarding limited liability for damaged shipment); Arkwright-Boston Mfrs. Mut. Ins. Co. v. Great West Airlines, 767 F.2d 425, 427 (8th Cir. 1985) (without addressing the issue of federal question jurisdiction, the court held that federal common law should govern negligence causing damage to goods and limitations on liability); First Pennsylvania Bank, N.A. v. Eastern Airlines, 731 F.2d 1113 (3rd Cir. 1984) (without addressing the issue of federal question jurisdiction, the court held that federal common law governed claim for

---

[2] To the extent the Fifth Circuit suggests that the plaintiff in Sam L. Majors brought a claim that it based on the federal common law, that case appears to be distinguishable because Plaintiff here asserts that his claims are based on state law, whether valid or not. To the extent the Fifth Circuit is saying that the federal common law claim preempts a state law claim and thus gives this Court jurisdiction, this appears to be inconsistent with the Eleventh Circuit's instructions, binding on this Court, on when preemption grants removal jurisdiction.

negligence in losing shipment and limitations on negligence liability); North American Phillips Corp. v. Emery Air Freight, 579 F.2d 229 (2nd Cir. 1978) (finding subject matter jurisdiction was warranted over claims based upon the loss of goods during interstate transport). Most of these cases do not address removal or subject matter jurisdiction, so they might be more appropriate for use in arguing individual points of ordinary preemption. North American Phillips does find subject matter jurisdiction, but this finding appears to be based on complete preemption and the mistaken idea that "Congress has created a broad comprehensive scheme covering the interstate shipment . . . [which] has occupied the field to the exclusion of state law." Id. at 233–34. Finally, these cases are about lost or damaged goods, but in the instant case, Plaintiff asserts that he is not claiming the goods were negligently lost or damaged; rather, that the goods were intentionally stolen/converted. Therefore, these cases are distinguishable.

Finally, Defendant claims that the "only viable cause of action against DHL is one for breach of contract under federal common law." Def. Resp. at 1, 9–11. Not only is this an ordinary preemption or "substantive displacement" argument, but the Supreme Court has held that "the ADA permits state-law-based court adjudication of routine breach-of-contract claims[.]" American Airlines, Inc. v. Wolens, 513 U.S. 219, 232–33 (1995); *see also* Musson, 89 F.3d at 1251 ("the Supreme Court has expressly rejected the possibility that the ADA leaves room for a federal common law cause of action against air carriers, at least in regard to breach of contract claims."). The ADA does not preempt state law breach of contract claims. Wolens, 513 U.S. at 232–33. This Supreme Court case is controlling and is more recent than the cases cited by Defendant. *See* Def. Resp. at 9–11. Therefore, even if Defendant were

12

correct that Plaintiff's only viable cause of action is one based on breach of contract, such a cause could proceed in state court, and this would not convey federal question jurisdiction on this Court.

**D.     Attorney Fees and Costs**

When subject matter jurisdiction does not exist, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court and Eleventh Circuit have held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Gonzalez v. J.C. Penney Corp., 209 Fed. Appx. 867, 869 (11th Cir. 2006) (citing Martin v. Franklin Capital Corp, 126 S. Ct. 704, 708 (2005)). The Court believes that Defendant cited cases which show that Defendant had an objectively reasonable basis to believe removal might be warranted. *See* Strategic Assets, 190 F. Supp. 2d at 1071–72 (after granting remand, holding that attorney fees were inappropriate where defendant requested removal on the grounds that state law claims arose under federal common law); Litchfield v. United Parcel Serv., No. C2-99-965, 2001 WL 345454 (S.D. Ohio 2001) (finding that "[t]here is some case law support for the position that a claim for conversion against an air carrier is based on federal common law and that the federal common law creates removal jurisdiction . . . while this Court concludes that [this case law] does not express the law, . . . the case does provide a modicum of support for the Defendant's position"). Attorney fees and costs are not warranted in this case.

## IV. CONCLUSION

For the reasons stated above, it is

13

ORDERED AND ADJUDGED that Plaintiff's Motion to Remand (DE # 4) is GRANTED IN PART. To the extent that Plaintiff seeks to have this case dismissed and remanded to the Circuit Court of the 17th Judicial Circuit in Broward County, Florida, the Motion is GRANTED. To the extent that Plaintiff seeks attorney fees and costs pursuant to 28 U.S.C.A. § 1447(c), the Motion is DENIED. This Clerk of Court is directed to REMAND this case to the Circuit Court of the 17th Judicial Circuit in Broward County, Florida. The Clerk of Court is further directed to CLOSE this case in the Southern District of Florida. All pending motions not yet ruled upon are DENIED as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 22nd day of May, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record
      U.S. Magistrate Judge Barry L. Garber